Filed          24-CI-000781    01/31/2024    David L. Nicholson, Jefferson Circuit Clerk

NO. _____                              JEFFERSON CIRCUIT COURT
                                                   DIVISION _____
                                                   JUDGE _____

EMILY HODGE & GENESIS KENNEY                                      PLAINTIFFS

v.                          **COMPLAINT**
                     *ELECTRONICALLY FILED*

SPALDING UNIVERSITY, INC.                                         DEFENDANTS
845 S. Third Street
Louisville, KY 40203
To Serve:    Tori Murden McClure
             845 S. Third Street
             Louisville, KY 40203

-AND-

VICTORIA "TORI" MURDEN MCCLURE
1442 Cherokee Rd
Louisville, KY 40204

-AND-

BRIAN CLINARD
3118 Widgeon Ave
Louisville, KY 40213

-AND-

LISA BASH-DEFREES
6311 Cliff Dr
Jeffersonville, IN 47130

-AND-

TARYN GLASS
845 S. Third Street
Louisville, KY 40203

* * * * * * * * * *

Plaintiffs, Emily Hodge and Genesis Kenney, by counsel, for their Complaint against

Defendants, Spalding University, Inc., Victoria "Tori" Murden McClure, Brian Clinard, Lisa

Filed          24-CI-000781    01/31/2024    David L. Nicholson, Jefferson Circuit Clerk

EXHIBIT B

DB75BD9C-B3C9-44DE-8672-7191A355F3EC : 000001 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000001 of 000021

Filed            24-CI-000781    01/31/2024        David L. Nicholson, Jefferson Circuit Clerk

Bash-DeFrees, and Taryn Glass (collectively referred to as "Defendants" herein), plead the following:

<u>**JURISDICTION & VENUE**</u>

1.   Plaintiff, Emily Hodge, at all times relevant hereto, was and is a resident of Louisville, Jefferson County, Kentucky, and a student at Spalding University.

2.   Plaintiff, Genesis Kenney, at all times relevant hereto, was and is a resident of Louisville, Jefferson County, Kentucky, and a student at Spalding University until around April 2023.

3.   Defendant, Spalding University, Inc. ("Spalding University"), was and is a Non-profit Kentucky Corporation registered in the state of Kentucky with its principal office and principal place of business located at 845 S. Third Street, Louisville, KY 40203. Spalding University operates as an educational institution and private university that operates a NCAA Division III athletics program subject to the rules and regulations of the National Collegiate Athletics Association.

4.   Based on information and belief, Defendant, Tori Murden, was and is a resident of Louisville, Jefferson County, Kentucky, and at all times relevant to this Complaint was the President of Spalding University.

5.   Based on information and belief, Defendant, Brian Clinard, was and is a resident of Louisville, Jefferson County, Kentucky, and at all times relevant to this Complaint was the Athletic Director of Spalding University.

6.   Based on information and belief, Defendant, Lisa Bash-DeFrees, was and is a resident of Jeffersonville, IN, and at all times relevant to this Complaint was the Associate Athletic Director and/or Senior Woman Administrator of Spalding University.

DB75BD9C-B3C9-44DE-8672-7191A355F3EC : 000002 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000002 of 000021

2

Filed          24-CI-000781    01/31/2024          David L. Nicholson, Jefferson Circuit Clerk

7.   Based on information and belief, Defendant, Taryn Glass, was and is a resident of Louisville, Jefferson County, Kentucky, and at all times relevant to this Complaint was the Head Volleyball Coach of Spalding University.

8.   Jurisdiction and Venue are appropriate in that the amount in controversy exceeds the Court's minimum jurisdictional limit and the events underlying this Complaint occurred in Louisville, Jefferson County, Kentucky.

## BACKGROUND FACTS

9.   Plaintiff Emily Hodge is currently a Sophomore at Spalding University who, while attending Ballard High School in Louisville, Kentucky, was an exceptional volleyball player.

10. Plaintiff Hodge was recruited by Spalding University to play volleyball by the previous head coach of Spalding, Cheneta Robinson. Plaintiff Hodge accepted the offer to play volleyball at Spalding University, as well as non-athletic scholarships that student-athletes were encouraged to apply for since Spalding University does not offer athletic scholarships. In accepting the offer to play volleyball at Spalding University, Plaintiff Hodge turned down offers and scholarships from other universities to play volleyball. Plaintiff Hodge enrolled at Spalding University during the summer of 2022 to attend as a freshman during the academic year 2022-23.

11. Plaintiff Genesis Kenney attended Spalding University as a freshman during the academic year 2022-23.  While attending Moore High School in Louisville, Kentucky, she was an exceptional volleyball player.

12. Plaintiff Kenney was recruited by Spalding University to play volleyball by the previous head coach of Spalding University, Cheneta Robinson. Plaintiff Kenney accepted the offer to play volleyball at Spalding University, as well as non-athletic scholarships that student-athletes were encouraged to apply for since Spalding does not offer athletic scholarships. In

3

DB75BD9C-B3C9-44DE-8672-7191A355F3EC : 000003 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000003 of 000021

Filed            24-CI-000781    01/31/2024        David L. Nicholson, Jefferson Circuit Clerk

accepting the offer to play volleyball at Spalding University, Plaintiff Kenney turned down offers and scholarships from other universities to play volleyball. Plaintiff Kenney enrolled at Spalding University during the summer of 2022 to attend as a freshman during the academic year 2022-23.

13. A week before "signing day", head coach Cheneta Robinson accepted a job at a larger university in a higher division, and Defendant Taryn Glass, formerly an assistant coach, became the Head Volleyball Coach of Spalding University.

14. Defendant Glass is a young coach without any collegiate head coaching experience prior to Spalding University. Spalding University did not adequately or sufficiently train her to deal with unsafe conditions, bullying, student-athletes with disabilities, or retaliation.

15. Neither of the Plaintiffs were informed of this coaching change until after their enrollment at Spalding University.

16. While in high school, Plaintiff Hodge was diagnosed with anxiety and prescribed the medication Paxil.

17. Both Cheneta Robinson and Defendant Taryn Glass were aware of Plaintiff Hodge's anxiety diagnosis and her medication prescription prior to signing her letter of intent and enrolling. Ms. Robinson had been very open and understanding with Plaintiff Hodge about her anxiety diagnosis.

18. During Plaintiffs Hodge and Kenney's freshman year at Spalding, other players on the volleyball team began bullying them.

19. Defendant Glass did not make any attempt to stop the bullying despite her knowledge. Her failure to act despite her knowledge fostered a culture of bullying within the program.

20. Based on information and belief, Defendant Glass encouraged and/or failed to take any action to stop the bullying.

DB75BD9C-B3C9-44DE-8672-7191A355F3EC : 000004 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000004 of 000021

4

Filed          24-CI-000781     01/31/2024     David L. Nicholson, Jefferson Circuit Clerk

21. In fact, Defendant Glass occasionally participated in the bullying. For example, Plaintiff Kenney and her family were facing severe financial hardship from September 2022 until she was kicked off the team in February 2023. During this period, Plaintiff Kenney could not afford her own phone and Defendant Glass frequently harassed her, berated her, and told her if she could not afford a phone to get a job.

22. Another example of bullying and the unsafe environment created by Spalding University includes the fact that team members would have to travel from the dorm rooms in downtown Louisville to the practice facility, traveling across a high crime downtown area during the extremely dark early morning hours. For safety reasons, the teammates with cars often carpooled the teammates without cars. Plaintiffs Hodge and Kenney were excluded from the car pool and forced to walk to the practice area by themselves across downtown Louisville in the dark.

23. Plaintiffs asked the coaching staff of the volleyball team to help them find a ride to practice because they did not have a car and it was dangerous, but they refused. Defendant Glass specifically told Plaintiff Hodge that is not her responsibility to find a way to get players to practice and they need to figure it out.

24. On another occasion during the season, the volleyball team took a trip to Maine to play a few matches. Following one of the matches, the team went out for activities and intentionally excluded Plaintiff Hodge, causing her great distress.

25. When the team came back to the hotel, they found Plaintiff Hodge crying and told the coach, Defendant Glass.

26. Without basis, Defendant Glass accused Plaintiff Hodge of being suicidal or having thoughts of self-harm despite Plaintiff Hodge's insistence that she was not suicidal or having thoughts of self-harm. Plaintiff Hodge explained that she was okay and that the bullying had

5

DB758D9C-B3C9-44DE-8672-7191A355F3EC : 000005 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000005 of 000021

triggered her anxiety. She requested that Defendant Glass help stop the bullying. Defendant Glass did not stop the bullying.

27. After the trip to Maine, the bullying of Plaintiff Hodge intensified. The other players talked behind Plaintiff Hodge's back in the locker room and around the campus.

28. Defendant Glass also benched Plaintiff Hodge after the incident in Maine in retaliation for her complaints of bullying. When Plaintiff Hodge asked what she could work on to stop being benched, Defendant Glass responded that there was nothing she could work on to get more playing time other than communicating better with her teammates off the court.

29. After the Maine incident, Plaintiff Hodge was asked to join the lacrosse team and decided to look into pursuing this since she was being bullied and retaliated against by being benched on the volleyball team. Lacrosse is a spring sport, so the season does not overlap with Volleyball.

30. Plaintiff Hodge asked and received permission from Defendant Glass to join the lacrosse team.

31. The bullying by her volleyball teammates intensified after Plaintiff Hodge joined the lacrosse team. Additionally, Plaintiff Hodge suffered a hip injury, slowing her down during practice and competition.

32. After injuring her hip, the Spalding University Athletic Trainer told Plaintiff Hodge that they would keep Defendant Glass updated about her injury, Defendant Glass did not tell the other volleyball players why Plaintiff Hodge could not participate with the team. This led to even more bullying.

33. Because of Plaintiff Hodge's hip injury, she was unable to fully participate in practices; however, despite this being an athletic injury, Defendant Glass would sometimes punish members

6

DB75BD9C-B3C9-44DE-8672-7191A355F3EC : 000006 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000006 of 000021

Filed          24-CI-000781    01/31/2024        David L. Nicholson, Jefferson Circuit Clerk

of the team because of Plaintiff Hodge's inability to participate, making them perform extra drills and sprints, which initiated further bullying against Plaintiff Hodge.

34. Plaintiff Hodge also confided in Defendant Glass about her mental health issues and anxiety. Defendant Glass responded by informing the entire team about her mental health issues which subjected Plaintiff Hodge to further bullying and harassment.

35. Plaintiff Kenney spoke up against the disparate treatment Plaintiff Hodges suffered and was subjected to further harassment and ridicule as a result. After speaking out, Plaintiff Kenney's playing time was restricted.

36. Plaintiff Kenney became severely depressed and was afraid to complain to Defendant Glass because of the retaliation that she had witnessed Plaintiff Hodge endure.

37. Both of the Plaintiffs' grades suffered as a result of the depression and bullying they were experiencing.

38. In February 2023, Plaintiff Kenney was kicked off the volleyball team for poor grades.

39. After being kicked off the volleyball team, Plaintiff Kenney fell into deep depression and ultimately had to check into the Brook Hospital to address her mental health concerns.

40. Around this time, another volleyball player who was bullied became fed up with the culture of bullying around the volleyball team and quit. She informed Plaintiff Hodge of group chats that did not include them where players were spreading rumors and gossiping about Plaintiff Hodge.

41. By this time, Plaintiff Hodge had mentioned the bullying multiple times to the head coach, Defendant Glass, yet she did nothing to address the issue. In fact, Defendant Glass pretended she knew nothing about the bullying.

DB75BD9C-B3C9-44DE-8672-7191A355F3EC : 000007 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000007 of 000021

Filed          24-CI-000781    01/31/2024        David L. Nicholson, Jefferson Circuit Clerk

Filed                24-CI-000781    01/31/2024    David L. Nicholson, Jefferson Circuit Clerk

42. In April 2023 Plaintiff Kenney dropped out of Spalding University and lost all her scholarships as she failed to attend class or participate after being kicked off the volleyball team due to her severe depression.

43. Because of the bullying she endured at Spalding University as a student-athlete on the volleyball team, Plaintiff Kenney's entire collegiate and student-athlete career has been derailed. She is currently working and saving up to attend college again.

44. Over the summer, Plaintiff Hodge repeated her concerns to Defendant Glass about the bullying she was experiencing.

45. Around July 2023, after Plaintiff Hodge finished her freshman year at Spalding, she was diagnosed with Attention Deficit Disorder ("ADD"), as well as with being on the Autism spectrum.

46.  On or about August 13, 2023, at the beginning of her sophomore year, Plaintiff Hodge told Defendant Glass about her ADD and autism diagnosis.

47.  The next day before practice, Defendant Glass called Plaintiff Hodge into her office for a meeting. Defendant Glass told her she would be benched for the entire season so she could focus on her mental health. Plaintiff Hodge asked why she could not play in games, and Defendant Glass said it was so she would not have added stress due to her mental health issues.

48.  Plaintiff Hodge told Defendant Glass she still wanted to play and did not need a break from volleyball, and that playing volleyball helped her deal with her anxiety. Defendant Glass did not change her mind and was resolute in benching Plaintiff Hodge.

49. On August 16, 2023, after this discriminatory experience, Emily Hodge's mother, Jennifer Hodge, emailed the Athletic Director of Spalding University, Defendant Brian Clinard, about Emily being benched as a result of her ADD, autism, and anxiety diagnoses. Jennifer Hodge

8

DB75BD9C-B3C9-44DE-8672-7191A355F3EC : 000008 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000008 of 000021

also mentioned the bullying and culture of the volleyball team. Defendant Clinard called and asked questions about the situation and stated he would schedule a follow-up meeting between himself, the coaching staff, and Plaintiff Hodge's parents. This meeting never occurred.

50. Defendant Clinard was aware of the situation and failed to address it or take any remedial action. In fact, he doubled down and defended Defendant Glass and her actions.

51. During practice on August 21, 2023, the team had to run sprints. Plaintiff Hodge asked Defendant Glass if she could do a different exercise because her hip was still injured, but Defendant Glass forced her to run sprints with the team.

52. On August 22, 2023, Plaintiff Hodge, had a meeting with Defendants Brian Clinard Lisa Bash-DeFrees to discuss the disability discrimination and ongoing bullying she was experiencing. Defendants Brian Clinard Lisa Bash-DeFrees defended Ms. Glass and indicated they were not going to take remedial action. After the meeting, as they had indicated, they failed and refused to take remedial action.

53. On August 22, 2023, after the meeting, Plaintiff Hodge went to volleyball practice. In apparent retaliation for her complaints, Defendant Glass refused to allow Plaintiff Hodge to participate in practice until she finished her sprints from the previous day. This took her two days because of her hip injury, further exacerbating her hip injury and causing severe emotional distress, humiliation, and embarrassment.

54. Ultimately, because of the exacerbation of her hip injury due to Defendant Glass's failure to care for her safety, Plaintiff Hodge had to miss multiple lacrosse games and practices.

55. After practice on August 22, 2023, Plaintiff Hodge observed Defendant Glass having a meeting with Defendants Brian Clinard Lisa Bash-DeFrees.

DB75BD9C-B3C9-44DE-8672-791A355F3EC : 000009 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000009 of 000021

56.  On August 23, 2023, before practice, Defendant Glass summoned Plaintiff Hodge into her office and talked to her about bullying "rumors" as phrased by Defendant Glass. Plaintiff Hodge understood this as her downplaying the very real bullying that was taking place.

57. At this meeting, Defendant Glass stated that the team accused Plaintiff Hodge of starting rumors, that she believed the team, and that Plaintiff Hodge was defaming their character. Defendant Glass was not more specific than this but did state that the team denied Plaintiff Hodge's allegations. Defendant Glass then kicked Plaintiff Hodge off the team officially and told her she was not a good fit for the team.

58. At the meeting, Defendant Glass told Plaintiff Hodge she was going to inform the team that Plaintiff Hodge was taking a year off for mental health reasons. Plaintiff Hodge asked her not to do this because it would lead to more bullying and isolation, and Defendant Glass responded that sometimes we need to feel uncomfortable.

59. Defendant Tori Murden McClure was aware of the bullying issues and disability discrimination that was taking place within the volleyball team yet she still failed and refused to take any action.

60. On August 25, 2023, Defendant Tori Murden McClure reached out via email to Plaintiff Hodge's mother in response to her email complaining about the disability discrimination and bullying and stated that "Roger Burkman, Brian Clinard, and I all agree that the metal [sic] health of our student athletes must be held as a priority over participation in any particular sport. I have been made aware that Emily has been struggling for some time."

61. In the email, Defendant Murden McClure did suggest that Plaintiff Hodge meet with the Dean of Students and the Counseling Cetner about the issues with the volleyball team. Defendant Murden McClure further stated that "I am confident that if these two experts in student

affairs encounter evidence that supports these claims that they will address those issues with the Volleyball Coach and with the team." However, no remedial action was ever taken and Defendant Murden McClure failed and refused to take any action beyond this statement.

62. After being kicked off the team on August 23, 2023, the bullying of Plaintiff Hodge by other volleyball players, which had been encouraged and/or allowed to continue by Defendant Glass, intensified including with the spreading of false rumors involving sex.

63. Related to her autism diagnosis, Plaintiff Hodge has a tendency to walk heavily, her steps often sound louder than the average person.

64. On August 28, 2024, Plaintiff Hodge walked into a study hall at Spalding University's campus. Two of the Spalding University volleyball players who participated in the bullying and were encouraged by Defendant Glass and/or allowed to continue bullying Plaintiffs saw Plaintiff Hodge at the study hall.

65. When Plaintiff Hodge saw these two volleyball players, she immediately left, walking up a set of stairs to leave. The two volleyball players followed her up the stairs, loudly stomping and laughing to make fun of her manner of walking as a result of her autism.

66. Afterwards, Plaintiff Hodge left the building and crossed a street on campus. The two Spalding University volleyball players who participated in the bullying and were encouraged by Defendant Glass and/or allowed to continue bullying Plaintiffs saw Plaintiff Hodge standing at a crosswalk preparing to cross a street. These two players were in their car at the crosswalk and the driver loudly revved the car at Plaintiff Hodge as if they were going to run her over, rolling down the window and laughing at her at the same time, this caused her severe distress and anxiety.

67. On August 28, 2024, Plaintiff Hodge informed her doctor she had been kicked off the volleyball team due to her diagnoses. Her doctor wrote a note saying Plaintiff Hodge was perfectly

fine to play sports and that playing volleyball would not affect her mental health. The doctor also wrote a note that Plaintiff Hodge has autism, but it did not prevent her from playing volleyball. Plaintiff Hodge was still not allowed back on the volleyball team.

68.  On or about September 6, 2024, Plaintiff Hodge had a meeting with Dean of Students Erica Gray. Ms. Gray claimed to not know much about the situation and did not take any remedial action.

69. Plaintiff Hodge was a member of the Fellowship of Christian Athletes at Spalding. After being kicked off the team she had to quit participating because of Defendant Glass's involvement in the group. Based on the retaliation, bullying, and anxiety she experienced, it was too much for her to continue interacting at these events with Defendant Glass. This has caused her additional emotional distress and anxiety.

70. Plaintiff Hodge would like to continue her volleyball career at Spalding University. She has been playing volleyball since she was four years old and it has always been a source of great comfort for her. However, she cannot play as long as Defendant Glass is coach and fostering a hostile environment where bullying and disability discrimination are encouraged and/or allowed. Not being able to pursue her passion has caused severe emotional distress and anxiety.

## COUNT I - NEGLIGENCE

71. Plaintiffs adopt and incorporate the above allegations as if set forth fully herein.

72. Plaintiffs bring this claim against Defendants, Spalding University, Murden McClure, Clinard, Bash-DeFrees, and Glass.

73. Defendant Spalding University is vicariously liable for the tortious conduct of its employees and agents under the legal doctrine of *respondeat superior*.

DB75BD9C-B3C9-44DE-8672-7191A355F3EC : 000012 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000012 of 000021

74. The acts and omissions of Defendants, Spalding University, Murden McClure, Clinard, Bash-DeFrees, and Glass, in their respective individual capacities and/or by and through their agents and employees, were negligent in that Defendants had a duty to Plaintiffs in the circumstances to act with ordinary care toward Plaintiffs, they failed in that duty by the manner in which they treated Plaintiffs, and Plaintiffs were injured as a result of their negligence.

75. As a direct and proximate result of Defendants' acts and omissions, Plaintiff Hodge suffered physical injury and pain and suffering, Plaintiff Kenney suffered loss of her scholarship and had to drop out of school, and both Plaintiffs have suffered severe emotional and psychological pain and suffering in the form of emotional distress, anxiety, embarrassment, humiliation, and mental anguish in an amount greater than the minimum jurisdiction of this Court.

## COUNT II - NEGLIGENT HIRING AND SUPERVISION

76. Plaintiffs adopt and incorporate the above allegations as if set forth fully herein.

77. Plaintiffs bring this claim against Defendants, Spalding University, Murden McClure, Clinard, and Bash-DeFrees.

78. Defendant Spalding University is vicariously liable for the tortious conduct of its employees and agents under the legal doctrine of *respondeat superior*.

79. Defendants Spalding University, Murden McClure, Clinard, and Bash-DeFrees, in their respective individual capacities and/or by and through their agents and employees, were responsible for the hiring, supervision, retention and conduct of the Spalding volleyball coaches.

80. Defendants Spalding University, Murden McClure, Clinard, and Bash-DeFrees, in their respective individual capacities and/or by and through their agents and employees, had a duty to use reasonable care in hiring, supervising, and/or retaining the Spalding volleyball coaches.

DB75BD9C-B3C9-44DE-8672-7191A355F3EC : 000013 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000013 of 000021

Filed          24-CI-000781    01/31/2024    David L. Nicholson, Jefferson Circuit Clerk

81. Defendants Spalding University, Murden McClure, Clinard, and Bash-DeFrees, in their respective individual capacities and/or by and through their agents and employees, were negligent in the hiring, supervising, and/or retaining of the Spalding volleyball coaches including Defendant Glass.

82. The acts and omissions of Defendants Spalding University, Murden McClure, Clinard, and Bash-DeFrees, in their respective individual capacities and/or by and through their agents and employees, in the hiring, supervising, and/or retaining the Spalding volleyball coaches were the direct and proximate cause of harm suffered by Plaintiffs.

83. As a direct and proximate result of Defendants' acts and omissions, Plaintiff Hodge suffered physical injury and pain and suffering, Plaintiff Kenney suffered loss of her scholarship and had to drop out of school, and both Plaintiffs have suffered severe emotional and psychological pain and suffering in the form of emotional distress, anxiety, embarrassment, humiliation, and mental anguish in an amount greater than the minimum jurisdiction of this Court.

## <u>COUNT III - WILLFUL AND WANTON DISREGARD FOR PLAYER SAFETY AND WELL-BEING</u>

84. Plaintiffs adopt and incorporate the above allegations as if set forth fully herein.

85. Plaintiffs bring this claim against Defendants, Spalding University, Murden McClure, Clinard, Bash-DeFrees, and Glass.

86. Defendant Spalding University is vicariously liable for the tortious conduct of its employees and agents under the legal doctrine of *respondeat superior*.

87. Willful or wanton negligence is distinguishable from gross negligence under Kentucky law. Gross negligence signifies "the absence of slight care." Willful or wanton negligence signifies "the entire absence of care for the life, person or property of others" with "an element of

Filed          24-CI-000781    01/31/2024    David L. Nicholson, Jefferson Circuit Clerk

conscious disregard of the rights or safety of others, which deserves extra punishment in tort." *Cumberland Valley Contractors, Inc. v. Bell Cnty. Coal Corp.*, 238 S.W.3d 644, 655 (Ky. 2007).

88. The acts and omissions of Defendants, Spalding University, Murden McClure, Clinard, Bash-DeFrees, and Glass, in their respective individual capacities and/or by and through their agents and employees, meet the standard for willful and wanton negligence for player safety and well-being of Ms. Hodge.

89. As a direct and proximate result of Defendants' willful and wanton disregard for player safety and well-being, Plaintiff Hodge suffered permanent damage to her hip.

90. As a direct and proximate result of Defendants' acts and omissions, Plaintiff Hodge suffered physical injury and pain and suffering, Plaintiff Kenney suffered loss of her scholarship and had to drop out of school, and both Plaintiffs have suffered severe emotional and psychological pain and suffering in the form of emotional distress, anxiety, embarrassment, humiliation, and mental anguish in an amount greater than the minimum jurisdiction of this Court.

## <u>COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

91. Plaintiffs adopt and incorporate the above allegations as if set forth fully herein.

92. Plaintiffs bring this claim against Defendants, Spalding University, Murden McClure, Clinard, Bash-DeFrees, and Glass.

93. Defendant Spalding University is vicariously liable for the tortious conduct of its employees and agents under the legal doctrine of *respondeat superior*.

94. The above described acts and omissions of Defendants, and/or by and through Defendants' its agents and employees, were performed intentionally or with reckless disregard of the circumstances.

95. These acts and omissions were extreme, outrageous, and intolerable.

15

96. These acts and omissions offend generally accepted standards of decency and morality.

97. As a direct and proximate result of Defendants' acts and omissions, Plaintiff Hodge suffered physical injury and pain and suffering, Plaintiff Kenney suffered loss of her scholarship and had to drop out of school, and both Plaintiffs have suffered severe emotional and psychological pain and suffering in the form of emotional distress, anxiety, embarrassment, humiliation, and mental anguish in an amount greater than the minimum jurisdiction of this Court.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

98. Plaintiffs adopt and incorporate the above allegations as if set forth fully herein.

99. Plaintiffs bring this claim against Defendants, Spalding University, Murden McClure, Clinard, Bash-DeFrees, and Glass.

100. Defendant Spalding University is vicariously liable for the tortious conduct of its employees and agents under the legal doctrine of *respondeat superior*.

101. Defendants were negligent in that Defendants had a duty to Plaintiffs in the circumstances to act with ordinary care, they failed in that duty by manner in which they treated Plaintiffs, and their actions were the cause in fact and proximate cause of their injuries.

102. The above described acts and omissions of Defendants, and/or by and through Defendants' its agents and employees, caused Plaintiffs serious and/or severe emotional injury, and a reasonable person would not be expected to endure the mental stress engendered by the circumstances of the case.

103. As a direct and proximate result of Defendants' acts and omissions, Plaintiff Hodge suffered physical injury and pain and suffering, Plaintiff Kenney suffered loss of her scholarship and had to drop out of school, and both Plaintiffs have suffered severe emotional and psychological

DB75BD9C-B3C9-44DE-8672-7191A355F3EC : 000016 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000016 of 000021

Filed       24-CI-000781   01/31/2024       David L. Nicholson, Jefferson Circuit Clerk

pain and suffering in the form of emotional distress, anxiety, embarrassment, humiliation, and mental anguish in an amount greater than the minimum jurisdiction of this Court.

## COUNT VI - DISABILITY DISCRIMINATION IN VIOLATION OF TITLE III OF THE ADA

104.    Plaintiffs adopt and incorporate the above allegations as if set forth fully herein.

105.    Plaintiff Hodge brings this claim against Defendant, Spalding University.

106.    Under Title III of the Americans with Disabilities Act ("ADA"), individuals with disabilities may not be discriminated in the full and equal enjoyment of all of the goods and services of private colleges and universities; they must receive an equal opportunity to participate in and benefit from these goods and services. 28 C.F.R. § 36.201(a).

107.    Defendant Spalding University is subject to the provisions of Title III of the ADA, and is vicariously liable for the tortious conduct of its employees and agents under the legal doctrine of *respondeat superior*.

108.    Plaintiff Hodge is diagnosed with anxiety, ADD, and autism. These diagnoses substantially limit one or more of her major life activities; she has a record of such impairment; and she was regarded as having such an impairment by Defendants.

109.    Plaintiff Hodge was qualified to participate in Spalding University's volleyball program.

110.    Plaintiff Hodge was treated differently and excluded from participation in the volleyball program as a result of her disabilities.

111.    By excluding Plaintiff Hodge from the volleyball program, Defendant Spalding University denied Plaintiff the benefit of its goods, services, facilities, privileges, advantages, or accommodations. 28 C.F.R. § 36.202(a).

17

DB75BD9C-B3C9-44DE-8672-7191A355F3EC : 000017 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000017 of 000021

Filed          24-CI-000781    01/31/2024    David L. Nicholson, Jefferson Circuit Clerk

112.    As a direct and proximate result of Defendants' actions, Plaintiff Hodge suffered physical injury, pain, and suffering, as well as severe emotional and psychological pain and suffering in the form of emotional distress, anxiety, embarrassment, humiliation, and mental anguish in an amount greater than the minimum jurisdiction of this Court.

### COUNT VII – RETALIATION IN VIOLATION OF TITLE III OF THE ADA

113.     Plaintiffs adopt and incorporate the above allegations as if set forth fully herein.

114.    Plaintiff Hodge brings this claim against Defendant, Spalding University.

115.    Under Title III of the Americans with Disabilities Act ("ADA"), private colleges and universities shall not discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Act or this part. 28 C.F.R. § 36.206(a).

116.    Defendant Spalding University is subject to the provisions of Title III of the ADA, and is vicariously liable for the tortious conduct of its employees and agents under the legal doctrine of *respondeat superior*.

117.    By encouraging and/or allowing the bullying of Plaintiff Hodge to continue and by kicking Plaintiff Hodge off the volleyball team after she complained about being treated differently on the basis of her disabilities as described above, Defendant Spalding University, by and through its agents and employees, discriminated against Plaintiff Hodge because she opposed an act or practice made unlawful by the ADA, and because she participated in an internal investigation into these acts and practices.

118.    As a direct and proximate result of Defendants' actions, Plaintiff Hodge suffered physical injury, pain, and suffering, as well as severe emotional and psychological pain and

18

DB75BD9C-B3C9-44DE-8672-7191A355F3EC : 000018 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000018 of 000021

suffering in the form of emotional distress, anxiety, embarrassment, humiliation, and mental anguish in an amount greater than the minimum jurisdiction of this Court.

## COUNT VIII - PUNITIVE DAMAGES

119.     Plaintiffs adopt and incorporate the above allegations as if set forth fully herein.

120.     Defendants' actions identified in this Complaint rise to such a willful and wanton level that Plaintiffs are entitled to punitive damages.

121.     Additionally, Defendants' conduct rises to and was with gross negligence and/or recklessness.

122.     The harm caused to Plaintiffs was the result of intentional conduct, oppression, fraud, malice, trickery, deceit and intentional efforts to increase profits instead of mere accident.

123.     It was likely at the relevant times that serious harm would arise from Defendants' misconduct. KRS 411.186(2)(a).

124.     Defendants were aware of this likelihood. KRS 411.186(2)(b).

125.     The misconduct of Defendants was based on profit. KRS 411.186(2)(c).

126.     There was and continues to be a duration of the misconduct of Defendants. KRS 411.186(2)(d).

127.     There were no actions or insufficient actions by Defendants to remedy the misconduct once it became known. KRS 411.186(2)(e).

128.     Defendants' conduct involved repeated actions, as opposed to a single, isolated incident.

129.     As a direct result of the actions and/or inactions of Defendants constituting gross negligence and/or recklessness, the Plaintiffs are entitled to recover compensatory damages from Defendants.

19

DB75BD9C-B3C9-44DE-8672-7191A355F3EC : 000019 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000019 of 000021

Filed          24-CI-000781   01/31/2024   David L. Nicholson, Jefferson Circuit Clerk

130.     As a direct result of the actions and/or inactions of Defendants constituting gross negligence and/or recklessness, the Plaintiffs are entitled to recover punitive damages from Defendants in an amount sufficient to punish and deter them and others from such conduct.

**WHEREFORE,** Plaintiffs request the following relief:

1.    Judgment for Plaintiffs against Defendants, Spalding University, Murden McClure, Clinard, Bash-DeFrees, and Glass, jointly and severally, on Counts I and III-V for monetary damages to be determined at trial in an amount greater than this Court's minimum jurisdiction that will fairly and reasonably compensate Plaintiffs for their actual, incidental, and consequential damages in an amount greater than this Court's minimum jurisdiction;

2.    Judgment for Plaintiffs against Defendants, Spalding University, Murden McClure, Clinard, and Bash-DeFrees, jointly and severally, on Count II for monetary damages to be determined at trial in an amount greater than this Court's minimum jurisdiction that will fairly and reasonably compensate Plaintiffs for their actual, incidental, and consequential damages in an amount greater than this Court's minimum jurisdiction;

3.    Judgment for Plaintiff Hodge against Defendant Spalding University, on Counts VI-VII for monetary damages to be determined at trial in an amount greater than this Court's minimum jurisdiction that will fairly and reasonably compensate Plaintiff for her  actual, incidental, and consequential damages in an amount greater than this Court's minimum jurisdiction;

4.    Judgment for Plaintiffs against all Defendants, jointly and severally, on Count VIII for punitive damages;

5.    Pre-judgment interest at the maximum rate allowed by law from the date of the filing of

DB75BD9C-B3C9-44DE-8672-7191A355F3EC : 000020 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000020 of 000021

Filed          24-CI-000781   01/31/2024          David L. Nicholson, Jefferson Circuit Clerk

Filed        24-CI-000781    01/31/2024        David L. Nicholson, Jefferson Circuit Clerk

this Complaint until the date of Judgment, and post-judgment interest on the full amount

due, plus costs, at the maximum rate allowed by law from the date of Judgment until paid;

6.      Pursuant to the parties' agreement, for the recovery of Plaintiff's costs and reasonable

attorney's fees incurred herein to the fullest extent allowed by law;

7.      A trial by jury on all issues so triable; and

8.      Any and all other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Andrew C. Weeks
Andrew C. Weeks
Legal Justice at Work, PLLC
609 W Main St, Ste 301
Louisville, KY 40202
Phone: (502) 408-6173
Fax: (502) 586-7176
ACWeeks@LegalJusticeAtWork.com
*Counsel for Plaintiff*

DB75BD9C-B3C9-44DE-8672-7191A355F3EC : 000021 of 000039

Presiding Judge: HON. JENNIFER BRYANT WILCOX (630455)

COM : 000021 of 000021

Filed        24-CI-000781    01/31/2024        David L. Nicholson, Jefferson Circuit Clerk